**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **RUDY CARMONA,** | § | **CIVIL ACTION NO.:  4:21-cv-1473** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **KILGORE INDUSTRIES,** | § | **JURY DEMANDED** |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Plaintiff Rudy Carmona (hereinafter referred to as "Plaintiff") in the above- referenced matter, complaining of and about Defendant Kilgore Industries (hereinafter "Kilgore"), and for causes of action files this Original Complaint, showing to the Court the following:

### I.     PARTIES

1.     Plaintiff, Rudy Carmona is an individual residing in Houston, Harris County, Texas. Plaintiff is a resident of the United States and the State of Texas.

2.     Defendant, Kilgore is a limited liability company in the State of Texas. Defendant, Kilgore may be served with process by serving its registered agent, Kenneth F. Kilgore at 10050 Houston Oaks Drive, Houston, TX 77064.

## II.    JURISDICTION

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: Title VII of the Civil Rights Act of 1964 (as amended) (which is codified in 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a)) (hereinafter referred to as "Title VII");

4.      Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's similar state claims that arise under the Texas Commission on Human Rights Act, which is codified in Chapter 21 of the Texas Labor Code, Texas Labor Code § 21.001 et seq. (hereinafter referred to as the "TCHRA"), because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

5.      Venue is proper in the Southern District of Texas - Houston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## III.    NATURE OF THE ACTION

6.      This is an action brought pursuant to Title VII and the TCHRA on the grounds that Plaintiff was discriminated and retaliated against because of Plaintiff's race (Hispanic). The action is to correct and recover for Defendant's unlawful employment practices on the basis of Plaintiff's race including the discrimination and retaliation based on Plaintiff's protected activities involving his race and national origin complaints of racial discrimination and retaliation.

*Plaintiff's Original Complaint*

## IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.      On December 28, 2020, Plaintiff filed a Charge of Discrimination (Charge No. 460-2021-00729) with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") against Defendant for race discrimination, national origin discrimination, gender discrimination, retaliation and hostile work environment. This charge was filed for discrimination and retaliation.

8.      Subsequently, the EEOC issued Plaintiff a Notice of Right Sue on February 5, 2021. Plaintiff files this lawsuit within ninety (90) days of receiving the Right to Sue notices. Therefore, this lawsuit is timely filed.

## V.    FACTS

9.      In 2013, Plaintiff was hired by Kilgore as a salesman. Plaintiff oversaw electrical, plumbing, units, service, and design sales for the company.

10.     Plaintiff was the top salesman of his department and would routinely outperform the other salesperson's in his department.  A significant amount of his income was derived from commissions on sales.

11.     When the Plaintiff began with Kilgore Industries, Plaintiff was set at a certain commission plan. Plaintiff would have a 50% of the profit on a sale after accounting for the costs of the sale and overhead.

12.     Plaintiff received a salary every month. To the extent that his commissions exceed the salary, Plaintiff would receive bonus checks.  Most of the salesmen did not ever receive bonus checks.  However, Plaintiff routinely received significant bonus checks because of his excellent salesmanship.  To receive a bonus check, Plaintiff had to wait for the accounting

3

*Plaintiff's Original Complaint*

to be done and a sales report to be issued. Plaintiff's boss, Paul Therriault, is a Caucasian. Mr. Therriault would routinely discriminate against Plaintiff because of his race and because Plaintiff was earning more money than Mr. Therriault, which Plaintiff could easily discern upset Mr. Therriault. Mr. Therriault would routinely delay the accounting on Plaintiff's sales reports to punish Plaintiff for his success. The other salesmen, who were mostly Caucasian, received their sales reports and any bonuses they were owed, in a timely manner. Only Plaintiff would have his sales reports delayed.

13.     In 2016, Plaintiff had just completed a rather large sale and was set to receive a large commission. Plaintiff was informed by Kilgore that his commission would be changed from 50% to 20%. Plaintiff asked if all salesman were experiencing this change and was advised that they were. However, the other salesman did not receive this change until June 2017. Only Plaintiff had it applied to his commissions on the large sale. The change in commission was not in place at the time of the sale and was only applied to Plaintiff to wrongfully withhold his full commission. Kilgore then wrote Plaintiff up for making too much money on his sale.

14.     Plaintiff often experienced discrimination from his manager, Paul Therriault who would show favoritism to the salesman of Caucasian descent. If Plaintiff would request for a technician to show up on a job site, Mr. Therriault would send a mass email not to contact technicians and single the Plaintiff out to embarrass him. However, if Caucasian salesman would make a similar request, Mr. Therriault would make it a priority to provide the requests.

15.     In 2018, Plaintiff developed Bell's Palsy due to the stress from experiencing discrimination in the workplace. Specifically, Plaintiff had to constantly argue with his boss to make sure he was paid fully and on time, yet the Caucasian salespersons did not have to do so. The constant stress from having to fight with his boss over his commissions contributed to this

4

*Plaintiff's Original Complaint*

medical condition.

16.     In October 2020, Plaintiff provided a quote to Dresser, who is a Kilgore client. The quote was from a private company that Plaintiff was just beginning.  When Kilgore discovered this, they fired Plaintiff immediately.

17.     However, previously, a Kilgore employee by the name of Thahn Huong, had also started a business and given quotes to Kilgore customers while employed by Kilgore.  Mr. Huong is half white and half Vietnamese.  When Kilgore found out about Mr. Huong's side business, Mr. Therriault defended him to Kilgore and Mr. Huong was allowed to keep his job until he quit some time later.  Plaintiff was terminated because he was Hispanic, while Mr. Huong was allowed to remain employed by Kilgore because he was a Caucasian and not s Hispanic.

18.     On November of 2020, Plaintiff received an email from Mr. Therriault after his termination informing him that an incentive report was submitted to the owner regarding Plaintiff's sales. Plaintiff estimates that he is owed approximately $100,000.00 of commission of jobs that received paid out.

## VI.     CAUSES OF ACTION

## 1. RACE DISCRIMINATION – Title VII Civil Rights Act 42 U.S.C. 2000(e) *et seq.*

19.     Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

20.     Defendant willfully and intentionally engaged in unlawful employment practices against Plaintiff on the basis of Plaintiff's race.

21.     Plaintiff is a member of a protected class, namely Hispanic. Plaintiff was also clearly qualified for the position.

5

*Plaintiff's Original Complaint*

22.     Plaintiff was subjected to adverse employment actions, namely, discriminated against in connection with the compensation, terms, conditions, and privileges of employment, as well as limited, segregated, or classified in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status on the account of Plaintiff's race (Hispanic), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). The facts indicate that Plaintiff's supervisor made Plaintiff uncomfortable with a racially charged rhetoric. Plaintiff was targeted because he was Hispanic and the treatment he faced was because of his race.

## 2. TCHRA RACE DISCRIMINATION - TEX. LAB. CODE § 21.001 *et seq.*

23.     Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

24.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his race (Hispanic).

25.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect his status because of Plaintiff's race (Hispanic), in violation of Texas Labor Code § 21.051 *et seq.*

## 3. TITLE VII – HOSTILE WORK ENVIRONMENT – 42 U.S.C. 2000(e) *et seq.*

26.     Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

6

*Plaintiff's Original Complaint*

27.     Plaintiff was subjected to unwelcome harassment throughout the course of his employment by management. The hostile treatment, as stated in the facts, unreasonably interfered with Plaintiff's commissions and pay.

28.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe emotional distress, physical and emotional pain, suffering, inconvenience, mental anguish and other pecuniary and non-pecuniary losses in the amount to be determined at trial.

## 4. DISABILITY DISCRIMINATION AND FAILURE TO ACCOMODATE UNDER THE ADA

29.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

30.     Plaintiff is a qualified individual within the meaning of the ADAAA (42 U.S.C. § 12111(8)).

31.     Defendant is an employer and cover entity under the ADAAA (42 U.S.C. §§ 12111(2), (5)(A))

32.     Plaintiff was an employee of Defendant under the ADAAA (42 U.S.C. § 12111(4)).

33.     Plaintiff suffers from a disability—a physical impairing condition that substantially limits a major life activity, including, sitting, walking, and working—within the meaning of the ADAAA (42 U.S.C. §§ 12102(1)(A), 2(A)&(B)).

34.     Defendant regarded or perceived Plaintiff as having a disability within the meaning of the ADAAA (42 U.S.C. §§ 12102(1)(C), (3)(A)).

*Plaintiff's Original Complaint*

35.    Defendant discriminated against Plaintiff on the basis of his disability in violation of the ADAAA (42 U.S.C. § 12112).

36.    Defendant also discriminated against Plaintiff by being "regarded as" having a disability.

## 5. UNPAID WAGES UNDER THE TEXAS PAYDAY ACT TEXAS LABOR CODE CHAPTER 26

37.    Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

38.    Plaintiff is owed back pay and commission from the date of his termination to present.

## 6. NEGLIGENCE

39.    Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

40.    Defendant is negligent in causing or allowing the discrimination to take place as set forth above.

## VII.  JURY DEMAND

41.    Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submit the jury fee.

## VIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a.    All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendments hereto, including but not limited to back pay, unpaid wages, future wages, upgrading, and compensation for benefits not received;

8

*Plaintiff's Original Complaint*

b.  Compensatory damages, including, but not limited to, emotional distress;

c.  Past, present, and future physical pain and mental suffering;

d.  Punitive damages;

e.  Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

f.  Pre-judgment interest at the highest rate permitted by law;

g.  Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h.  Costs of Court; and

i.  Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully submitted,

kennard law P.C.

Alfonso Kennard, Jr.
Texas Bar No. 24036888
Wyatt Holtsclaw
Texas Bar No. 24120898
S.D. ID. 3655964
Southern District I.D.  713316
5120 Woodway Drive, Suite 10010
Houston, Texas 77056
(713) 742.0900 (Phone)
(713) 742.0951 (Fax)
Alfonso.Kennard@KennardLaw.com
Wyatt.holtsclaw@kennardlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

*Plaintiff's Original Complaint*

10