IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RUDY CARMONA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 4:21-CV-01473 |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| **KILGORE INDUSTRIES,** | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT KILGORE INDUSTRIES'S  MOTION FOR SUMMARY JUDGMENT  AND BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE COURT:

NOW COMES Defendant Kilgore Industries ("Kilgore" or "Company"), filing this Motion and Brief in Support of its Motion for Summary Judgment pursuant to Rule 56 of the Fed. R. of Civ. P.  Kilgore is entitled summary dismissal of all claims presented in this matter because Plaintiff, Rudy Carmona (from here on "Plaintiff" or "Carmona"), has failed to present a claim upon which relief could be granted and the pleadings, depositions and discovery responses on file in this case, together with the other evidence included within the accompanying evidence, establish that there is no genuine issue of material facts in this case and that dismissal is appropriate pursuant to the applicable case law.

## *TABLE OF CONTENTS*

**I.** SHORT STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

II.SUMMARY OF ARGUMENTS

III.MATERIAL UNCONTESTED FACTS

IV.FACTUAL BACKGROUND

V.MOTION FOR SUMMARY JUDGMENT STANDARD

VI.ARGUMENTS AND AUTHORITIES

A.PLAINTIFF'S UNPAID WAGES CLAIM WARRANTS SUMMARY DISMISSAL

i.Chapter 61 of the Texas Labor Code does not create a private cause of action.

ii.Failure to exhaust administrative remedies with the TWC for the Chapter 61 of the Texas Labor Code claims presented deprive any forum of jurisdiction over such claims.

B.PLAINTIFF'S DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT (ADA) AS WELL AS ANY CLAIMS OF HOSTILE WORK ENVIRONMENT DISCRIMINATION UNDER TITLE VII AND THE TEXAS LABOR CODE FAIL BECAUSE PLAINTIFF HAS ADMITTED UNDER OATH THAT NONE OF THE EMPLOYER'S ALLEGED ADVERSE EMPLOYMENT ACTIONS AGAINST HIM HAD ANYTHING TO DO WITH THESE CLAIMS.

C.PLAINTIFF'S RACIAL DISCRIMINATION CLAIM UNDER TITLE VII AND THE TEXAS LABOR CODE ALSO FAIL BECAUSE PLAINTIFF HAS ADMITTED TO DEFENDANT HAVING A VALID NON-DISCRIMINATORY REASON FOR HIS TERMINATION.

VII.CONCLUSION

Case 4:21-cv-01473 Document 20 Filed on 04/30/22 in TXSD Page 3 of 18

DEFENDANT KILGORE INDUSTRIES'S MOTION FOR SUMMARY
JUDGMENT AND BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
Page 3

## II. SHORT STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff filed a Complaint alleging:

1. Race discrimination claim pursuant to Title VII Civil Rights Act, 42 U.S.C. 2000(e) *et seq.* and under Texas Labor Code §21.001 *et seq.*;

2. Hostile work environment pursuant to 42 U.S.C. 2000(e) *et seq.*;

3. Disability discrimination and failure to accommodate claim under the American with Disabilities Act; and

4. Unpaid wages claim under the Texas Payday Act under the Texas Labor Code.

As we will discuss below the evidence used in support of this motion demonstrates that all of the claims presented by Plaintiff warrant summary dismissal.

Currently discovery in this case has concluded and there is trial setting in this case scheduled for July 8, 2022.

## VIII. SUMMARY OF ARGUMENTS

1. Plaintiff's unpaid wage claim fails because there is no private cause of action for said claim and Plaintiff has failed to exhaust administrative remedies;

2. Plaintiff's disability discrimination and failure to accommodate, as well as hostile work environment claims fail because he has admitted that the allegations he is making against Defendant have nothing to do with these. Furthermore, Plaintiff has admitted never having requested accommodation during his tenure with Defendant.

3. Plaintiff's claim for racial discrimination fails because Plaintiff has admitted under oath that the reason provided by Defendant for his termination is true and that he engaged in the actions of direct competition and conflict of interest that paved the

Case 4:21-cv-01473   Document 20   Filed on 04/30/22 in TXSD   Page 4 of 18

DEFENDANT KILGORE INDUSTRIES'S  MOTION FOR SUMMARY
JUDGMENT AND BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
Page 4

way for his termination, therefore, he will be unable to claim any pretext by the Company in the reason for his termination.

## IX. MATERIAL UNCONTESTED FACTS

4. In 2013, Plaintiff was hired by Kilgore as a salesman. **Plaintiff's Complaint, ¶9.**

5. In October 2020, Plaintiff provided a quote to Dresser, who is a Kilgore client and when Kilgore discovered this, they fired Plaintiff. **Plaintiff's Complaint, ¶16, and letter by RSC Mechanical to Dresser** included as **EXHIBIT 1.**

6. Plaintiff's last day of work at Defendant was October 26, 2020. *See* **Plaintiff's Deposition Transcript, page 17, lns. 5-7, EXHIBIT 2.**

7. Plaintiff formally opened up a Company by the name of RSC Mechanical in August of 2020. *See* **Plaintiff's Deposition Transcript, page 39, lns. 5-9, EXHIBIT 2.**

8. At no time after formally opening up RSC Mechanical did Plaintiff ever inform his supervisor at Defendant employer that he had actually opened up this Company. *See* **Plaintiff's Deposition Transcript, page 39, lns. 10-13, EXHIBIT 2.**

9. Before his termination from Defendant Kilgore Plaintiff never informed his employer that he was quoting Kilgore clients via RSC Mechanical. *See* **Plaintiff's Deposition Transcript, page 39, lns. 14-18, EXHIBIT 2.**

10. While Plaintiff worked for Defendant he operated a windshield business that the Defendant was aware of and never had any issues with him operating said business. *See* **Plaintiff's Deposition Transcript, page 61, lns. 21-25 and p. 62, lns. 1-2, EXHIBIT 2.**

11. Plaintiff's windshield business did not conflict with Defendant's business and he informed the Defendant of this business since the time he interviewed for a position at the Defendant. *See* **Plaintiff's Deposition Transcript, p. 62, lns. 3-12, EXHIBIT 2.**

9. Plaintiff declared under oath during his deposition that never during his employment with Defendant did he ever request any accommodation. *See* **Plaintiff's Deposition Transcript, page 63, lns. 2-7, EXHIBIT 2.**

Case 4:21-cv-01473   Document 20   Filed on 04/30/22 in TXSD   Page 5 of 18

DEFENDANT KILGORE INDUSTRIES'S  MOTION FOR SUMMARY
JUDGMENT AND BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
Page 5

3. Regarding outside employment Kilgore's Employee Handbook specifically establishes:

### 6.7 OUTSIDE EMPLOYMENT
Kilgore Industries recognizes that Team Members sometimes seek additional employment during their off hours. We ask these Team Members to remember, despite any outside employment, their position with the Company is their primary responsibility. The Company does not consider outside employment to be an excuse for poor job performance, tardiness, absenteeism, or refusal to work overtime. This position should not create a conflict of interest with your employment with us nor should it be permitted to interfere with your performance.  **Employee Handbook, section 6.7 included here as EXHIBIT 3.**

4. Regarding conflicts of interest Kilgore's Employee Handbook specifically establishes:

### 6.10 CONFLICTS OF INTEREST
All Team Members must avoid any situation that may involve a conflict between their personal interest and the interest of the Company or which adversely affects the Company's reputation. Management reserves the right to determine when a conflict of interest has occurred.  No Team Member shall engage in the same or a similar line of business or research as that carried on by the Company except when specifically approved by the owners of the Company. A Team Member shall not have a financial interest in a company, which is a competitor or a supplier. Financial interests held by immediate family members in such agencies or companies are to be disclosed to your supervisor in order to determine whether a conflict exists. Members of the Team Member's family include: spouse, children, parents, and/or any other relatives sharing the same home as the Team Member.   Team Members must disclose actual or potential conflicts to management as soon as they arise. Consult your manager if you need clarification of this policy. **Employee Handbook, section 6.10 included here as EXHIBIT 3.**

5. Plaintiff signed an acknowledgment with Defendant establishing that his employment was at will and his receipt of the employee handbook.  **Acknowledgement included as EXHIBIT 4.**

## X. FACTUAL BACKGROUND

Rudy Carmona was hired by the Company on or around March 18, 2013, as a Sales Representative in the Service Department.  His supervisor, and the person he now

complains that discriminated against him, is the same person that hired him.  Throughout his tenure with the Company this employee demonstrated multiple disciplinary issues.  For example, on October 7, 2016 he was issued a first offense warning because the employee filed a false budget for his pre-bid review in order to defeat controls company has in place that would prevent work from being overpriced.  When confronted he insisted he had to provide for his family through whatever means necessary.  He showed no acknowledgement of error made than held an unauthorized meeting with entire sale team and told them he was being screwed by the company and all their sales plans were changing.  In other words, pursuant to the Company he provided false information to invite animosity among the sales team and to bring down team unity.

Another employee warning notice was given to Carmona on December 17, 2018, for insubordination/miscellaneous.  This time, the employee became irate in discussion about incentive amounts.  He continued to escalate the discussion and cursed at the manager.  The conduct was unacceptable by the client and would not be tolerated.  The employee  was warned that if he incurred in further conduct of this sort he would be subject to (1) a 3 day suspension without pay; (2) immediate 10% reduction of draw; (3) 90 day hold in incentive payments; (4) 90 day Performance Improvement Plan; and (5) termination.

He was then terminated on October 26, 2020 for insubordination/misconduct when he admitted that he was directly competing against the company when they found out he

Case 4:21-cv-01473 Document 20 Filed on 04/30/22 in TXSD Page 7 of 18

DEFENDANT KILGORE INDUSTRIES'S MOTION FOR SUMMARY
JUDGMENT AND BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
Page 7

had quoted a Kilgore client with a Kilgore quote and a quote by his own company that had approximately a 10% reduction of the Kilgore quote provided.

## XI. MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment should be granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir. 1996). If the movant carries this burden, the burden shifts to the nonmovant to show the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Conclusory allegations, speculation, improbable inferences, or a mere scintilla of evidence are insufficient to defeat a summary judgment motion. *Michaels v. Avitech, Inc.*, 202 F.3d 746, 754–55 (5th Cir. 2000).

## XII. ARGUMENTS AND AUTHORITIES

### D. PLAINTIFF'S UNPAID WAGES CLAIM WARRANTS SUMMARY DISMISSAL

*i. Chapter 61 of the Texas Labor Code does not create a private cause of action.*

Chapter 61 of the Labor Code governs an employer's obligation to pay wages to employees and provides criminal penalties for employers who violate the statute. *See* TEX. LAB CODE ANN. §§ 61.011-.20; *see also Igal v. Brightstar Info. Tech. Group,*

Case 4:21-cv-01473   Document 20   Filed on 04/30/22 in TXSD   Page 8 of 18

**DEFENDANT KILGORE INDUSTRIES'S MOTION FOR SUMMARY
JUDGMENT AND BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**
Page 8

250 S. W. 3d 78, 81-82 (Tex. 2008). Chapter 61 provides an alternative remedial scheme for workers who have been denied wages. *See Id.* at 87; *Hull v. Davis,* 211 S. W. 3d 461, 464 (Tex. App.-Houston[14th Dist] 2006). Rather than filing a breach of contract lawsuit in court, a worker can file a wage claim with the Texas Workforce Commission (TWC). *See* TEX. LAB. CODE ANN. §61.051. *Abatement v. Williams, 324 S. W. 3d 858 (Tex. App. [14th Dist.] 2010).* Thus, **a worker has a choice either to file an administrative claim with the TWC or a common law breach of contract claim in district court**. *Igal v. Brightstar,* 250 S. W. 3d 78, 82 (Supreme Court of Texas, 2008), *Hull,* 211 S. W. 3d at 464.

Chapter 61 of the Texas Labor Code permits aggrieved employees to file wage claims with the TWC. Tex. Labor Code § 61.051(a). **The statute does not create any private cause of action that would instead allow employees to file suit against their employer**. (Emphasis added). *Id.; Ihegword v. Harris Cty. Hosp. Dist.,* 929 F. Supp. 2d 635, 669 (S.D. Tex. 2013), *aff'd* 555 Fed. Appx. 372 (5th Cir. 2014) ("There is nothing within Chapter 61 that suggests an intent to also allow a plaintiff to invoke its provisions through a private right of action, especially given the existence of the available administrative remedy"); *Abatement Inc. v. Williams,* 324 S.W.3d 858, 864 (Tex. App. - Houston [14th Dist.] 2010, pet. denied) (**"Chapter 61 provides a detailed administrative enforcement scheme and allows the possibility for enforcement by the attorney general, and nothing in the language of Chapter 61 shows any intent to also allow a private right of action"**).

Case 4:21-cv-01473 Document 20 Filed on 04/30/22 in TXSD Page 9 of 18

DEFENDANT KILGORE INDUSTRIES'S MOTION FOR SUMMARY
JUDGMENT AND BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
Page 9

Common law claims and TWC claims are distinct remedial schemes, and a litigant must choose which one to pursue. *See* Igal, 250 S. W. 3d at 87-88, 92 and *Abatement,* 324 S. W 3d at 864. Thus a worker has a choice either to file an administrative claim with the TWC or a common law breach of contract claim in district court. *Igal,* 250 S. W. 3d at 82, *Hull,* 211 S. W. 3d at 464.

Nowhere in the four corners of the Complaint was it alleged that Plaintiff exhausted administrative remedies with the TWC. Therefore, since no private cause of action exists under Chapter 61 of the Texas Labor Code for the unpaid wage claim, and there has been no appropriate exhaustion of remedies in this case, any forum other than the TWC would lack jurisdiction to tend to such a claim. As such, Claimant's Chapter 61 claim for unpaid wages must be dismissed.

### ii. *Courts have consistently held there is no private cause of action pursuant to Chapter 61 Texas Labor Code claim for unpaid wages.*

Below we provide multiple cases that have been presented in one way or another with the question of Chapter 61 Texas Labor Code claims for unpaid wages without exhaustion of administrative remedies at the TWC. As demonstrated below, in all these cases the Courts coincide in the dismissal for lack of a private cause of action and consequently jurisdiction.

Starting in 2008 the Texas Supreme Court in *Igal v. Brightstar Information Technology Group, Inc.*, 250 S. W. 3d 78, 88 (2008) established that:

> *A common law breach of contract claim for damages has long existed. The 1989 amendments to the Labor Code that created an administrative route for employees to obtain unpaid wages advised employees that they 'may',*

Case 4:21-cv-01473   Document 20   Filed on 04/30/22 in TXSD   Page 10 of 18

DEFENDANT KILGORE INDUSTRIES'S  MOTION FOR SUMMARY
JUDGMENT AND BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
Page 10

> *not must, file a wage claim with TWC.  Employees were then given a choice between an administrative process designed to adjudicate quickly relatively small claims or to have their day in court and the longer and more involved process of the judicial system. ... In Texas parlance, the claimant selects which horse to ride.  Once the horse crosses the finish line, a claimant cannot switch horses and run the same race again, hoping for a different outcome.*

In *Abatement v. Williams,* 324 S. W. 3d 858, 858 (2010) the employee brought breach of contract and fraud action against corporate employer. The terms of the employee Williams's employment were not in writing.  The parties agreed that he would be paid a certain amount per week of work.  The employee claimed that the Company promised to pay him a percentage of the profits of any job he worked on and the Company denied said promise.  The employee then sued the Company, its President and Vice President (in their personal capacity) for breach of contract and fraud.

One of the issues brought on appeal in this case by the Company's President was the submission to the jury of a question that allowed the jury to find him individually liable under the Texas Labor Code for the Company's failure to pay him certain profits he alleged he was owed. The employee conceded that the President would not be personally responsible for any breach of contract and that the only way to hold the President personally liable would be under Chapter 61 of the Texas Labor Code for the unpaid profits.  The Court thus examined the employee's argument that "an employee can bring a Chapter 61 claim in district court because violation of a statute normally gives rise to a private cause of action.´ *Id at 864.*  However, to said end,  the Court *Abatement* concluded that the employee was mistaken.  The Court further concluded:

Case 4:21-cv-01473 Document 20 Filed on 04/30/22 in TXSD Page 11 of 18

DEFENDANT KILGORE INDUSTRIES'S MOTION FOR SUMMARY
JUDGMENT AND BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
Page 11

> *Chapter 61 provides a detailed administrative enforcement scheme and allows the possibility for enforcement by the attorney general, and nothing in language of chapter 61 shows any intent to also allow a private right of action.*

In *Ihegword v. Harris County Hosp. Dist.,* 929 F. Supp. 2d 635 (SD TX, 2013) the Defendant filed a Motion for Summary Judgment asserting, among other arguments, that plaintiff's claim for unpaid overtime wages asserted pursuant to Chapter 61 of the Texas Labor Code fails because Chapter 61 does not afford a private cause of action. The Court granted summary judgment on the claim that plaintiff was asserting under Chapter 61 concluding that:

> *Employees who have been denied wages can file a wage claim with the TWC or pursue common law claims in court, but the language in Chapter 61 does not suggest an intent to allow employees to bring a private cause of action for violations of Chapter 61's provisions. Igheword at 669.*
> Likewise in *Doan v. Portable Product Services, LP,* 2011 WL 2038580 (SDTx,

2011, not reported). In that case the Court held likewise that "an employee who has been denied wages thus has the option of either filing a wage claim with the TWC or filing a common law breach-of-contract claim in court. *See Igal,* 350 S.W.3d at 82; *Abatement,* 324 S.W.3d at 863; *Holmans v. Transource Polymers, Inc.,* 914 S.W.2d 189, 193–94 (Tex.App.-Fort Worth, 1995)."

Finally, in *Carmichael v. Monarch Dental Corporation,* 2014 WL 1622709 (ND Tx, 2014) the Court dismissed an employee's Texas Labor Code claims concluding that Chapter 61 does not create a private right of action. To said end the Court in Carmichael concluded:

> *Chapter 61 of the Texas Labor Code "governs an employer's obligation to pay wages to employees and provides criminal penalties for employers who*

Case 4:21-cv-01473   Document 20   Filed on 04/30/22 in TXSD   Page 12 of 18

DEFENDANT KILGORE INDUSTRIES'S  MOTION FOR SUMMARY
JUDGMENT AND BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
Page 12

*violate the statute." Abatement Inc. v. Williams, 324 S.W.3d 858, 863 (Tex.App.-Houston [14th Dist.] 2010, pet. denied) (citing Tex. Lab.Code §§ 61.011–.020). "Chapter 61 creates a detailed administrative enforcement scheme through the [Texas Workforce Commission] and allows the possibility for enforcement by the attorney general" of Texas. Ihegword v. Harris Cnty. Hosp. Dist., 929 F.Supp.2d 635, 669 (S.D.Tex.2013). However, Chapter 61 does not create a private right of action. See, e.g., id.; Abatement, 324 S.W.3d at 864–65. Therefore, the Court GRANTS Monarch's Motion for Summary Judgment on Carmichael's Texas Labor Code claim. Id at 5.*

As the above-mentioned case law explains there is no private cause of action for unpaid wage claims pursuant to Chapter 61 of the Texas Labor Code.  The above-mentioned case law, therefore, provides additional support for the dismissal of all of the claims presented by Plaintiff.

> iii.        *Failure to exhaust administrative remedies with the TWC for the Chapter 61 of the Texas Labor Code claims presented deprive any forum of jurisdiction over such claims.*

The only statutory provision in Chapter 61 of the Texas Labor Code that grants jurisdiction to any court is Tex. Labor Code § 61.062, which permits claimants to seek judicial review of a final order issued by the TWC, **but only after the employee has exhausted all available administrative remedies**. Tex. Labor Code § 61.062 (explaining that judicial review may be sought by a "party who has exhausted the party's administrative remedies under this chapter" no later "than the 30th day after the date the final order is mailed").

As described earlier, Plaintiff's Complaint does not plead any facts showing that he exhausted his administrative remedies with the TWC or that he was seeking judicial review of any final order from the TWC. Therefore,  this  forum  has  no  jurisdiction

Case 4:21-cv-01473   Document 20   Filed on 04/30/22 in TXSD   Page 13 of 18

**DEFENDANT KILGORE INDUSTRIES'S  MOTION FOR SUMMARY
JUDGMENT AND BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**
Page 13

regarding the sole Chapter 61 Texas Labor Code claim presented by claimant. As such, Plaintiff's unpaid wage claim must be summarily dismissed.

**B. PLAINTIFF'S DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT (ADA) AS WELL AS ANY CLAIMS OF HOSTILE WORK ENVIRONMENT DISCRIMINATION UNDER TITLE VII AND THE TEXAS LABOR CODE FAIL BECAUSE PLAINTIFF HAS ADMITTED UNDER OATH THAT NONE OF THE EMPLOYER'S ALLEGED ADVERSE EMPLOYMENT ACTIONS AGAINST HIM HAD ANYTHING TO DO WITH THESE CLAIMS.**

During his deposition Plaintiff was specifically asked what were the basis, the reasons, he claims that Defendant was discriminating against him.  He claimed categorically that the only discrimination that he allegedly suffered was because of his race.  To wit:

> Q.  Okay.  And what are the basis- what basis are you claiming that Kilgore discriminated against you?
>
> A.  Race.
>
> Q.  Okay.  Anything else, or would that be all?
>
> A.  No.  The race, the harassment the constant withholdings of my compensation, the constant—constant bickering with my superior over how much I make every month.
>
> Q.  And your claim is that all of those things that you're alleging that happened occurred because of your race.  Is that your allegation?
>
> A.  Yes.
>
> Q.  And all of those things you just testified occurred only because of your race. That's what you are claiming?

DEFENDANT KILGORE INDUSTRIES'S  MOTION FOR SUMMARY
JUDGMENT AND BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
Page 14

*A. Yes, because they did not happen to the—the white salespeople at Kilgore. See* **Plaintiff's Deposition Transcript, page 74, lns. 13-25 and p. 75, lns. 1-4, EXHIBIT 2.**

Plaintiff also declared under oath during his deposition that never during his employment with Defendant did he ever request any accommodation. *See* **Plaintiff's Deposition Transcript, page 163, lns. 2-7, EXHIBIT 2.** Plaintiff's admissions under oath during his deposition are clear, his allegations of discrimination are exclusively based on racial discrimination. Therefore, all other claims made by Plaintiff in his Complaint must be summarily dismissed.

### C. PLAINTIFF'S RACIAL DISCRIMINATION CLAIM UNDER TITLE VII AND THE TEXAS LABOR CODE ALSO FAIL BECAUSE PLAINTIFF HAS ADMITTED TO DEFENDANT HAVING A VALID NON-DISCRIMINATORY REASON FOR HIS TERMINATION.

Even assuming *arguendo* for purposes of his discussion only that Plaintiff can prove a *prima facie* case of racial discrimination, his claim would still fail because the Plaintiff has admitted to the veracity of the reasons provided by the Company to him for termination, and therefore would be unable to claim pretext.

Plaintiff was terminated by Defendant because opened a competing business under the name of RSC, which he admits that he did not tell the Company once he formalized the business in August 2020. He admitted during his deposition that in October 2020, while working for the Defendant, he quoted Defendant Kilgore employees under Plaintiff's newly formed Company. This was clearly a conflict of interest as Plaintiff was at the time a salesperson for Defendant, and used the knowledge he had on Defendant's

Case 4:21-cv-01473   Document 20   Filed on 04/30/22 in TXSD   Page 15 of 18

**DEFENDANT KILGORE INDUSTRIES'S  MOTION FOR SUMMARY**
**JUDGMENT AND BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**
Page 15

pricing, to provide lower priced quotes to companies like Dresser, who were already Defendant customers.  *See Statement of Material Undisputed Facts Numbers 2, 4 and 6.*

Furthermore, Defendant's Employee Handbook (**EXHIBIT 3**), which Plaintiff acknowledged receipt of (**EXHIBIT 4**) specifically establishes that employees are strictly prohibited from engaging in outside employment that creates "a conflict of interest with your employment with us nor should it be permitted to interfere with your performance." Furthermore, the Company's handbook also expressly establishes that  they have a duty to inform the employer as soon as a conflict of interest arises.  In this case Plaintiff new he formally opened RSC in August 2020, yet he conveniently opted to not provide this information to the employer.  Worse yet, while employed at Defendant, in October 2020, **he opted to provide a quote on pricing for same services to one of Defendant's existing customers and not inform of this clear conflict to the Company.**  It was only when the customer informed Defendant of this quote by one of Defendant's employees, that when confronted with the reality that Defendant had found out Plaintiff admitted to his clearly conflicting actions.  Plaintiff's employment was at will, and these actions are more than enough, pursuant to Company policy to have warranted his termination. Worse yet, Plaintiff cannot claim that the reason for his termination was pretextual, because he has admitted to all of the above.  To wit, under oath he admitted:

- Admitted to not notifying Defendant of the formally opening of RSC in August 2020, while he was employed at Kilgore;

Case 4:21-cv-01473 Document 20 Filed on 04/30/22 in TXSD Page 16 of 18

**DEFENDANT KILGORE INDUSTRIES'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**
Page 16

- Admitted to having provided a quote to one of Defendant's existing customers, while still working as a salesman for Defendant;

- Admitted to not telling any of this to Defendant, until confronted with the quote by Defendant.

In the past Defendant admitted to having another non-competing, non-conflicting business while working at Defendant. However, said windshield business did not represent any conflict with Defendant. Even though not competing directing with Defendant Company at the time of his interview Plaintiff informed Defendant of this business and Defendant allowed Plaintiff to continue to carry out his windshield business without any problem. This is further support that Defendant had no issue with Plaintiff engaging in an outside business as long as he complied with company policy and did not compete directly with the Company or engage in any conflict of interest. Clearly, the supporting evidence in this case establishes that Plaintiff's termination had nothing to do with race as alleged, and all to do with his own action. As such, Plaintiff's racial discrimination claims must be dismissed.

## VIII. CONCLUSION

The evidence set forth herein demonstrates that there is no genuine factual issue in this case, and that Plaintiff cannot establish any discrimination claim or unpaid wage as alleged in Complaint. Accordingly, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's claims in their entirety in favor of Defendant.

Case 4:21-cv-01473   Document 20   Filed on 04/30/22 in TXSD   Page 17 of 18

DEFENDANT KILGORE INDUSTRIES'S  MOTION FOR SUMMARY
JUDGMENT AND BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
Page 17

WHEREFORE PREMISES CONSIDERED, Defendant Kilgore Industries requests and prays that this Motion for Summary Judgment and Brief in Support Thereof be granted, and that the appearing Defendant be granted costs and attorney fees incurred with respect to this motion and the challenged cause of action and that it be granted further and additional relief to which it may show itself justly entitled.

Respectfully Submitted,

**SONIA B. ALFARO**
State Bar No. 24086849
**MEADERS & ALFARO**
Two Riveway, Suite 845
Houston, Texas  77056
Tel:     713-403-3125
Fax:     855-602-8224
*Eservice:* efiling@meaderslaw.com
Email: salfaro@meaderslaw.com

**ATTORNEYS FOR DEFENDANT**
**KILGORE INDUSTRIES**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served upon Plaintiff counsel on the 30th day of April, 2022 *via* electronic service in accordance with the TEXAS RULES OF CIVIL PROCEDURE:

Alfonso Kennard, Jr.
Eddie Hodges, Jr.
KENNARD LAW P.C.
5120 Woodway Drive, Suite 10010
Houston, Texas, 77056
Email: Alfonso.kennard@kennardlaw.com
Email: eddie.hodges@kennardlaw.com
*Attorneys for Plaintiff*

**SONIA B. ALFARO**