**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **RUDY CARMONA,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CAUSE NO. 4:21-cv-001473** |
| | § | |
| **KILGORE INDUSTRIES,** | § | |
| ***Defendant.*** | § | |

**PLAINTIFF RUDY CARMONA'S RESPONSE IN OPPOSITION TO DEFENDANT KILGORE INDUSTRIES' MOTION FOR SUMMARY JUDGEMENT**

Dated: May 27, 2022.

Respectfully submitted,




Alfonso Kennard, Jr.
Texas Bar No. 24036888
S.D. ID 713316
Alfonso.Kennard@kennardlaw.com
Eddie Hodges Jr.
Texas Bar No. 24116523
S.D. ID. 3479748
Eddie.Hodges@kennardlaw.com
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
T: (713) 742-0900
F: (832) 558-9412

**ATTORNEYS FOR PLAINTIFF**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ........................................................................ ii

**EXHIBIT LIST** ..................................................................................... iii

**NATURE OF THE PROCEEDINGS** ..........................................................1

**SUMMARY OF ARGUMENT** ....................................................................2

**MATERIAL FACT ISSUES PRESENTED** ...................................................3

**STATEMENT OF MATERIAL FACTS** ........................................................4

**SUMMARY JUDGEMENT STANDARD OF REVIEW** .................................6

**ARGUMENTS AND AUTHORITIES** ..........................................................7

**a. Defendant's Wrongful Refusal to Pay Plaintiff His Bonus Constitutes Discrimination Against Plaintiff with Respect to His "*Compensation*, Terms, Conditions, or Privileges of Employment"; Plaintiff Has Properly Established a *Prima Facie* Case of Discrimination on The Basis of Race under Title VII and The Texas Commission on Human Rights Act.** ...........................................7

**b. Plaintiff can establish a prima facie case of discrimination based on his race and disability under Title VII and TCHRA, and Defendant has not produced any evidence of a legitimate, nondiscriminatory reason for failing to pay Plaintiff owed compensation, while paying non-Hispanic employees during the same time period.** ..........................................................................................11

**CONCLUSION** .........................................................................................12

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ………………………………………………………….. 6, 7

*Burch v. City of Nacogdoches*,
174 F.3d 615 (5th Cir.1999)……………………………………………………… 6

*Chandler v. CSC Applied Technologies, LLC*,
376 S.W.3d 802, 813 (Tex.App. – Houston [1st Dist.] 2012)….…………………... 8, 9

*Dibidale of Louisiana, Inc. v. American Bank & Trust Co.*,
916 F.2d 300 (5th Cir. 1990) ……………………………………………………. 7

*Elgaghil v. Tarrant Cnty. Junior Coll.*,
45 S.W.3d 133, 139 (Tex.App.—Fort Worth 2000, pet. denied) ……………………….. 8

*Goudeau v. National Oilwell Varco, L.P.*,
793 F.3rd 470, 476 (5th Cir. 2015) ………………………………………………. 12

*Jespersen v. Sweetwater Ranch Apartments*,
390 S.W.3d 644, 653 (Tex.App.—Dallas 2012, no pet)………………………………… 8

*Laxton v. Gap, Inc.,*
333 F.3d 572, 579 (5th Cir, 2004) ………………………………………………. … 11

*Levine v. Methodist Hosps. of Dall.*,
No. 3:11-CV-0901-B, 2012 WL 3649711, at *9 (N.D. Tex. Aug. 27, 2012)………….. 10

*McCoy v. City of Shreveport*,
492 F.3d 551 (5th Cir. 2007) ………………………………………………...……. 11

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792 (1973) …………………………………………………………………… 9

*Portis v. First Nat'l Bank of New Albany, Miss.,*
34 F.3d 325, 328 (5th Cir.1994) ……………………………………………………. 11

*Reeves v. Sanderson Plumbing Products, Inc.*,
530 U.S. 133 (2000) ………………………………………………………. …….6, 7

*Thomas v. Tregre*,,
913 F. 3d 458, 462 (5th Cir. 2019) …………………………………………….............. 6

*Thompson v. City of Waco*,
764 F.3d 500, 503 (5th Cir. 2014) ……………………………………………………….. 10

*Turner v. Kan. City S. Ry. Co.*,
675 F.3d 887 (5th Cir. 2012) ………………………………………………………….. 11

**Rules and Statutes**

Title VII, 42 U.S.C. § 2000(e)(2)

Texas Labor Code § Chapter 21

Fed. R. Civ. P. 56(c)

**EXHIBIT LIST**

Exhibit A → Rudy Carmona's Deposition Transcript

Exhibit B → November 8, 2020 - Email from Paul Therriault to Plaintiff Rudy Carmona

Exhibit C → Excerpt of Defendant's Bonus Policy

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

NOW COMES Plaintiff Rudy Carmona (hereinafter, "Mr. Carmona" or "Plaintiff") filing this Response in Opposition to Defendant Kilgore Industries' (hereinafter "Kilgore" or "Defendant") Motion for Summary Judgment, respectfully requesting the Court to **DENY** Defendant's motion for the following reasons:

## NATURE OF THE PROCEEDINGS

Plaintiff filed suit against Defendant alleging disability discrimination under the Americans with Disabilities Act of 1990, as amended ("ADAAA"), 42 U.S.C. § 12101, et seq; Texas Labor Code § 21.051 and 21.055; race discrimination under Title VII and TCHRA, and hostile work environment under Title VII. Plaintiff also pled a claim under the Texas Payday Act.

The dispositive motion deadline was jointly extended in this case to April 30, 2022, due to discovery still being completed. On April 8, 2022, Plaintiff sent Defendant's counsel a deficiency letter regarding overdue discovery (due on April 15). During this time, Defendant requested to attempt to settle or mediate, and failed to comply with the deficiency letter, ultimately failing to produce documents and evidence material to this case prior to the filing of their Motion.

Defendant filed their Motion for Summary Judgment on April 30, 2022. According to local rule 6(B), Defendant was required to request a premotion conference prior to the filing of their Motion for summary judgment. Thereafter, Plaintiff filed a Motion to Strike based on the local rule, and subsequently filed a Motion for Extension of Time to file a response to the Motion for Summary Judgment due to the Motion to Strike. Since the Court

has not made any rulings on the pending Motions, and in an abundance of caution, Plaintiff files this response in opposition to the Motion for Summary Judgment [Dkt. 20]. However, if the Motion for Strike is granted and a premotion conference is scheduled, Plaintiff asks that this response be struck to refile after the new motion is filed.

## SUMMARY OF ARGUMENT

Defendant's Motion for Summary Judgment should be DENIED because Plaintiff has established his burden of a *prima facie* case of race discrimination and there is evidence of material fact disputes as to Defendant's motivating factor and pretextual denial of Plaintiff's compensation.

Plaintiff was employed by Defendant for seven (7) years. As a service salesman, Plaintiff regularly received monthly performance-based bonuses/commissions. Plaintiff was terminated for allegedly violating Defendant's conflict of interest policy, and Defendant failed to pay Plaintiff's bonus that was owed prior to his termination. Prior to Plaintiff's termination he was set to receive a performance-based bonus and was owed roughly $160,000 in compensation. There is evidence that Plaintiff's race was a motivating factor in the decision to not pay Plaintiff owed compensation, given that other non-Hispanic employees regularly received their monthly bonus with no issues. Moreover, the evidence demonstrates that similarly situated non-Hispanic employees were treated more favorably, given that they were paid compensation for the same period of time Plaintiff was not paid.

Furthermore, based on Defendant's Motion, Defendant can only reference a legitimate business reason to terminate Plaintiff, but has failed to present any legitimate business reason as to why Plaintiff was not compensated. Even if Defendant attempts to assert that Plaintiff was terminated due to a conflict of interest; evidence exists that demonstrate that Defendant's explanation for not paying Plaintiff bonus compensation is unworthy of credence, and Defendant has not presented a legitimate business decision as to the adverse action. *Haverda v. Hays Co.*, 723 F.3rd 586, 597 (5th Cir. 2013).

Plaintiff also asserts that genuine issues of material fact do exist as to whether Plaintiff's unpaid bonus compensation was pretext, given the fact that at the time Plaintiff was he had already accumulated a performance-based bonus, and Defendants decided not to compensate Plaintiff, yet compensated other similarly situated non-Hispanic employees during the same period. Based on the material fact issues presented in the response below, summary judgment should be **DENIED**.

## MATERIAL FACT ISSUES PRESENTED

1. Whether a reasonable factfinder could find that Plaintiff was discriminated based on his race given that non-Hispanic sales employees received their performance-based bonus for the month of September and October, which creates an inference of favorable treatment? These genuine factual issues preclude summary judgment.

2. Whether a reasonable factfinder could find that Plaintiff suffered adverse employment action because Defendant failed to pay Plaintiff performance-based bonus compensation, given that the evidence creates an inference Defendant had a discriminatory motive towards Plaintiff since non-Hispanic employees received regular bonuses without the hassle? These genuine factual issues preclude summary judgment because evidence exists that Defendant's actions to not pay Plaintiff's bonus were materially adverse.

3. Whether Defendant has presented a legitimate business reason to not pay Plaintiff's bonus, given that there is no policy that states bonus is discretionary, or any policy that denies an employee their bonus due to termination. Defendant has not presented any legitimate business reason, therefore, there are material fact issues, which preclude summary judgment.

## STATEMENT OF MATERIAL FACTS

1. In March 2013, Plaintiff was hired by Kilgore as a service salesman and oversaw electrical, plumbing, units, service, and design sales for the company. **Exhibit A** at 34:1-4.

2. Upon hiring, Plaintiff and Defendant agreed to a set performance-based incentive plan, in which Plaintiff received a weekly draw and a monthly incentive check based on his sales. **Exhibit C**; **Exhibit A** at 42; 44; 45; 46.

3. Throughout Plaintiff's employment his supervisor was Paul Therriault ("Therriault"). **Exhibit A** at 35. Plaintiff consistently complained that he would not receive timely monthly statements and bonus checks, as compared to his non-Hispanic similarly situated employees. **Exhibit A** at 74; 75; 78; 80; 81. Moreover, Plaintiff made complaints to Therriault that it was unfair that his non-Hispanic employees' quotas did not increase each year, or the fact that Therriault did not attempt to renegotiate non-Hispanic employees' bonus each year. **Exhibit A** at 76; 92. Plaintiff also complained that he had less "manpower" compared to his non-Hispanic peers. **Exhibit A** at 98; 101.

4. In 2018, Plaintiff developed Bell's Palsy due to the stress from experiencing discrimination in the workplace. **Exhibit A** at 51; 53. The constant stress from

having to fight with his boss over his commissions contributed to this medical condition. **Exhibit A** at 53.

5. In August 2020, Plaintiff opened up RSC Mechanical and Primary Auto Glass. **Exhibit A** at 20:8-12;19-24. In October 2020, at the direction of the client customer, Kevin Midkiff, Plaintiff quoted Dresser-Rand on behalf of RSC. **Exhibit A** at 22 – 26. Up to this point Therriault was aware of at least one other employee, engaged in the same type of conduct, Thanm Han (non-Hispanic). **Exhibit A** at 27 -29.

6. On October 26, 2020, Plaintiff was terminated for allegedly violating the conflicts of interest policy by quoting Dresser-Rand. **Exhibit A** at 33, 40, 41. Simultaneously, Plaintiff discussed with Therriault that he was still owed back compensation and missing the September and October reports and checks. **Exhibit A** at 40, 41. Plaintiff estimated that he is owed roughly $160,000 in compensation not paid. **Exhibit A** at 47; 153.

7. On November 9, 2020, after Plaintiff was terminated, Therriault reached out to Plaintiff via email and stated, "I just wanted to let you know that I finished out my October sales report and delivered copies to Jeff and Jim to see if they are willing to disburse anything post-termination." **Exhibit B**. Plaintiff never received the September or October sales report and did not receive his owed compensation, while similarly situated non-Hispanic employees received compensation for the same time period. **Exhibit A** at 148. The incentive bonuses are performance-based, and not discretionary. **Exhibit A** at 124; 149. Defendant has not presented any legitimate reason to not pay Plaintiff owed compensation, and any proffered reason should be

considered pretextual, given that there is not any evidence in the record to rebut the undisputed fact that Plaintiff's bonus was **not discretionary, but performance based**.

**SUMMARY JUDGEMENT STANDARD OF REVIEW**

Defendant has failed to satisfy the summary judgment standard, therefore, Defendant's motion for summary judgment should be denied. Summary judgment is appropriate only if, in viewing the evidence in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit' [and a] factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thomas v. Tregre*, 913 F. 3d 458, 462 (5th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). When hearing a motion for summary judgment, a court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inference in that party's favor. *Id*. Disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Id*. If the evidence is such that a reasonable factfinder could find in favor of the nonmoving party, summary judgement should not be granted. *Id*. Doubts are to be resolved in favor of that party. *See Burch v. City of Nacogdoches*, 174 F. 3d 615, 619 (5th Cir. 1999).

In ruing on Defendant's motion, cases indicate that the Court must accept Plaintiff's evidence as true and must draw all reasonable inferences in favor them. *See Reeves v.*

*Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000); *Anderson*, 477 U.S. at 255. Conversely, the Court must not weigh the evidence, and "the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves*, 530 U.S. at 150-51 (quoting *Anderson*, 477 U.S. at 255). *See also Dibidale Louisiana, Inc. v. American Bank & Trust Co.*, 916 F.2d 300, 307-08 (5th Cir. 1990) ("credibility assessments are not fit grist for the summary judgment mill").

In the instant case, there are clearly genuine issues of material fact, which necessitate Plaintiff's claims progressing to a trial on the merits. Plaintiff is not basing his claims on "mere subjective belief" that he has been subjected to discrimination based on his race and disability, but he has submitted factual evidence in which a reasonably juror could conclude that Defendant lacked any legitimate business reason to not pay Plaintiff owed compensation. The issues presented in Defendant's Motion are highly disputed and fact intensive. The evidence and testimony are disputed and dependent upon credibility determinations that cannot be made on summary judgment.

## ARGUMENTS AND AUTHORITIES

**a. Defendant's Wrongful Refusal to Pay Plaintiff His Bonus Constitutes Discrimination Against Plaintiff with Respect to His "*Compensation*, Terms, Conditions, or Privileges of Employment"; Plaintiff Has Properly Established a *Prima Facie* Case of Discrimination on The Basis of Race under Title VII and The Texas Commission on Human Rights Act.**

Defendant argues that Plaintiff has admitted to Defendant having a valid, non-discriminatory reason for termination, therefore Plaintiff's racial discrimination claims under Title VII and the Texas Commission on Human Rights Act (TCHRA) must be

dismissed. Here, while Plaintiff was terminated, Plaintiff alleges that the withholding of his bonus checks – not his termination – constitutes an adverse employment action. As such, Plaintiff has properly established a *prima facie* case of race discrimination under Title VII and the TCHRA. As to Plaintiff's claims of race discrimination, Defendant's Motion for Summary Judgement must be denied.

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his **compensation**, terms, conditions, or privileges of employment" on the basis of said individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2 (emphasis added). Under the TCHRA, an employer commits an unlawful employment practice if, because of an employee's race, the employer "fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with **compensation** or the terms, conditions, or privileges of employment." Tex. Lab. Code § 21.051(1); *Chandler v. CSC Applied Technologies, LLC*, 376 S.W.3d 802, 813 (Tex.App. – Houston [1st Dist.] 2012) (emphasis added). Note that the TCHRA is patterned after federal law "for the express purpose of carrying out the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments." *Elgaghil v. Tarrant Cnty. Junior Coll.*, 45 S.W.3d 133, 139 (Tex.App.—Fort Worth 2000, pet. denied).

An employee may establish discrimination by either direct or circumstantial evidence of discrimination. *Jespersen v. Sweetwater Ranch Apartments*, 390 S.W.3d 644, 653 (Tex.App.—Dallas 2012, no pet.). In the absence of direct evidence of discrimination, the employee must make a *prima facie* case of discrimination under the *McDonnell–*

*Douglas* burden-shifting framework. *Id*. (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 1824–26, 36 L.Ed.2d 668 (1973)). To establish a *prima facie* case of discrimination, the employee must show that (1) he was a member of a protected class; (2) he suffered an adverse employment action; and (3) non-protected class employees were not treated similarly. *Chandler v. CSC Applied Technologies, LLC*, 376 S.W.3d 802, 814 (Tex.App. – Houston [1st Dist.] 2012); *See also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 1824–26, 36 L.Ed.2d 668 (1973)).

In the present case, Plaintiff, who is Hispanic, is a member of a protected class; he was clearly qualified for the salesman position as evidenced by his outstanding performance. Plaintiff suffered an adverse employment action when Defendant refused to pay Plaintiff his bonus, which is not discretionary. When Plaintiff was asked, during his deposition, about the basis of his lawsuit, he stated that it was on the basis of race and "the constant withholding of [his] compensation – the constant bickering with [his] supervisor over how much [he made] every month" and that it "did not happen to the – the white salespeople at Kilgore." **Exhibit A** at 74:13-20, 75:3-4.

Recall that, to the extent his commissions exceeded his monthly salary, Plaintiff would receive a bonus check. In order to receive this bonus, Plaintiff had to wait for the accounting to be completed and for a sales report to be issued. Throughout the tenue of his employment with Defendant, Plaintiff's bonus checks were routinely delayed beyond the standard period, by his boss, Paul Therriault, a white man. **Exhibit A** at 74:13-20, 75:3-4, 75:14-16. Mr. Therriault did not delay the bonus checks of the other – mostly white – salesmen; non-Hispanic employees were paid their bonus checks in a timely manner. *Id*. It

was only Plaintiff, a Hispanic man, who's bonus checks were routinely delayed by Therriault; this delay was solely due to Plaintiff's race. An "adverse employment action is one which "affects the terms and conditions of employment." *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014). Compensation falls within this scope; the bonus checks are compensation. *See* 42 U.S.C. § 2000e-2. The regular delay of Plaintiff's bonus checks amounts to discrimination against Plaintiff with respect to his compensation on the basis of his race; this is in direct violation of Title VII.

Likewise, Defendant discriminated against Plaintiff in connection with compensation on the basis of Plaintiff's race in violation of the TCHRA. Tex. Lab. Code § 21.051(1) (an employer commits an unlawful employment practice if, because of an employee's race, the employer "fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment").

While Plaintiff may have been terminated for conflict of interest, it does not negate the fact that Defendant discriminated against Plaintiff with respect to his compensation (i.e., his bonus checks) on the basis of his race (Hispanic) in violation of Title VII and the TCHRA. As such, Defendant's Motion for Summary Judgement on Plaintiff's Title VII and TCHRA claims should be denied.

In *Levine*, the Court denied summary judgment after holding that Plaintiff raised a factual issue by her failure to receive a bonus. *Levine v. Methodist Hosps. of Dall.*, No. 3:11-CV-0901-B, 2012 WL 3649711, at *9 (N.D. Tex. Aug. 27, 2012) (finding the record indicated that Defendant did not apply its bonus policy as written and a reasonable juror

could find that it was applied in a discriminatory manner.). Similarly, Plaintiff has raised factual issues as to whether his denial of compensation was applied in a discriminatory manner, given that similarly situated non-Hispanics were paid compensation according to the incentive plan.

**b. Plaintiff can establish a prima facie case of discrimination based on his race and disability under Title VII and TCHRA, and Defendant has not produced any evidence of a legitimate, nondiscriminatory reason for failing to pay Plaintiff owed compensation, while paying non-Hispanic employees during the same time period.**

To establish a *prima facie* case of race discrimination, the plaintiff must show that: (1) he was a member of a protected class; (2) he was qualified for the position held; (3) he was subjected to adverse employment action; and (4) defendant gave preferential treatment to employees outside the protected class, or in the case of discharge, she was replaced by someone outside the protected class. *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 345 (5th Cir.2007). The plaintiff can prove discrimination through either direct or circumstantial evidence. *McCoy v. City of Shreveport,* 492 F.3d 551, 556 (5th Cir.2007); *Portis v. First Nat'l Bank of New Albany, Miss.,* 34 F.3d 325, 328 (5th Cir.1994).

Plaintiff has provided evidence that (1) he is Hispanic; (2) he was qualified (as shown by performance); (3) he was subjected to an adverse employment action (no bonus compensation paid); and (4) non-Hispanic employees were paid during the same time period. The burden then shifts to the employer to produce a legitimate, nondiscriminatory reason for his failing to compensate Plaintiff. *Laxton v. Gap, Inc.,* 333 F.3d 572, 579 (5th Cir, 2004). Defendant has failed to address those reasons in their Motion.

In this analysis, courts may consider the strength of the prima facie evidence at the pretext stage. *Goudeau v. National Oilwell Varco, L.P.*, 793 F.3rd 470, 476 (5th Cir. 2015). Plaintiff has provided strong evidence of his prima facie case: (1) Plaintiff is Hispanic; Plaintiff was qualified for his position as evidence by his performance; Defendant failed to compensate Plaintiff and treated non-Hispanic salesmen more favorably and paid their compensation during the same time period Plaintiff was not paid. A reasonable jury could conclude that discrimination was at least a "motivating factor" in not compensating Plaintiff, and therefore Plaintiff presented at least a material dispute of fact whether discrimination was a motivating factor in his failing to receive compensation. Defendant does not have any evidence in the record that would rebut the fact that Defendant failed to pay Plaintiff owed compensation.

Accordingly, based on the evidence presented, we respectfully ask the Court to find that Plaintiff has presented material fact issues as to his Title VII and TCHRA claim of race discrimination with regards to discrimination when Plaintiff failed to receive owed bonus compensation. We respectfully ask this Court to **DENY** Defendant's Motion for Summary Judgment.

## CONCLUSION

Considering the foregoing, Plaintiff respectfully asks the Court that Defendant's Motion for Summary Judgement be DENIED, that this cause be ordered to proceed to trial, and that Plaintiff be granted his day in court.

[SIGNATURE BLOCK TO FOLLOW]

Respectfully submitted,






Alfonso Kennard, Jr.
Texas Bar No. 24036888
S.D. ID 713316
Alfonso.Kennard@kennardlaw.com
Eddie Hodges Jr.
Texas Bar No. 24116523
S.D. ID. 3479748
Eddie.Hodges@kennardlaw.com
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
T: (713) 742-0900
F: (832) 558-9412

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2022, a true and correct copy of the foregoing instrument has been served on all counsel of record via ECF online filing system.

Alfonso Kennard Jr.