IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RUDY CARMONA,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | **Case No. 4:21-CV-01473** | |
| v. § | | |
| § | **JURY TRIAL DEMANDED** | |
| **KILGORE INDUSTRIES,** § | | |
| § | | |
| **Defendant.** § | | |

## REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE COURT:

NOW COMES Kilgore Industries ("Kilgore", "Company" or "Defendant") and pursuant to Rule 56 of the Fed. R. of Civ. P and Local Rule 7.4 replies to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment and requests as follows:

1. On April 30, 2022, Defendant filed a Motion for Summary Judgment.

2. In response, Plaintiff filed a Motion for Leave to File a Late Response to Defendant's Motion for Summary Judgment together with Plaintiff Carmona's Response in Opposition to Defendant Kilgore Industries' Motion for Summary Judgment.

3. However, in their motion Plaintiff has failed to create any genuine issue of material fact or defeat any legal argument that could defeat Defendant's Summary Judgment request, while at the same time failing to even contest many of the arguments presented by Defendant.

4. Furthermore, Plaintiff was unable to contest any of the reasons, duly supported by specific evidence, provided by Defendant that establishes that Plaintiff's claims all warrant

summary dismissal.

5. As such, as we will explain in detail below, while Defendant's summary judgment request must be granted in its entirety.

a. *Plaintiff has failed to provide any evidence that shows that there is a genuine issue of material fact.*

6. If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.,* 268 F.3d 275, 282 (5th Cir.2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECTV Inc. v. Robson,* 420 F.3d 532, 536 (5th Cir.2005) (internal citations omitted).

7. A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey,* 589 F.3d 764,769 (5th Cir.2009) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A & B Builders, Inc.,* 302 F.3d 531, 545 n. 13 (5th Cir.2002). **Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden**. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 399 (5th

Cir.2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Assn, Intl.,* 343 F.3d 401, 405 (5th Cir.2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little,* 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

8. The Court may make no credibility determinations or weigh any evidence and must disregard all evidence favorable to the moving party that the jury is not required to believe. *See Chaney v. Dreyfus Service Corp.,* 595 F.3d 219, 229 (5th Cir.2010) (citing *Reaves Brokerage Co.,* 336 F.3d at 412–413). **The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence.** *Id.* (citing *Reaves Brokerage,* 336 F.3d at 413). Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(e); *Love v. Nat'l Medical Enterprises,* 230 F.3d 765, 776 (5th Cir.2000); *Hunter–Reed v. City of Houston,* 244 F.Supp.2d 733, 745 (S.D.Tex.2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsley,* 201 F.3d 638, 643 (5th Cir.2000) ("A party's self-serving and unsupported claim that she lacked the requisite intent is not sufficient to defeat

summary judgment where the evidence otherwise supports a finding of fraud." (citation omitted)). Healix Infusion Therapy, Inc. v. Helix Health, LLC, 737 F. Supp. 2d 648, 653–54 (S.D. Tex. 2010, Hon. Judge Nancy Atlas).

9. Defendant's Motion for Summary Judgment includes five (5) Uncontested Statements of Material Facts duly supported by specific evidence, none of which were disputed by Plaintiff.

10. However, Plaintiff did not provide a "response to the 'Statement of Undisputed Material Facts.' … supported by appropriate citations to proper summary judgment evidence" as required by Local Rule CV 56(b).

11. As such, Defendant's 5 Statements of Undisputed Material Facts duly supported by specific evidence should be deemed admitted.

12. This is enough to warrant summary judgment on behalf of Defendant.

13. Nonetheless, we further explain herein and clarify some of the arguments brought by Plaintiff in his Response to Defendant's Motion for Summary Judgment and show that Plaintiff has not been able to prove any genuine issue of material fact in this case.

b. *The only adverse employment action alleged by Plaintiff in his pleadings with regards to his discrimination allegations was his termination from Kilgore.*

14. In his Complaint the only allegation of adverse employment action included by Plaintiff is found in Paragraph 17 of the Complaint which states:

> 17. However, previously, a Kilgore employee by the name of Thahn Huong, had also started a business and given quotes to Kilgore customers while employed by Kilgore. Mr. Huong is half white and half Vietnamese. When

> *Kilgore found out about Mr. Huong's side business, Mr. Therriault defended him to Kilgore and **Mr. Huong was allowed to keep his job until he quit sometime later. Plaintiff was terminated because he was Hispanic, while Mr. Huong was allowed to remain employed by Kilgore because he was a Caucasian and not s Hispanic.*** (Emphasis added).

15. Clearly, this Paragraph 17 of the Complaint claims that Plaintiff's termination (the only adverse employment action specified) allegedly occurred because of his race.

16. Nothing in this Paragraph 17 mentions that Plaintiff was discriminated by alleged withholdings of bonus checks as he now attempts to argue for the first time ever in his Response to the Motion for Summary Judgment.

17. As a matter of fact, the only reference by Plaintiff as to alleged unpaid commissions is included in the Complaint not under Title VII claims of discrimination or retaliation, but under a separate and distinct Section 5 of the Complaint titled Unpaid Wages under the Texas Payday Act Texas Labor Code Chapter 26, which allegations read as follows:

> *37. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.*
> *38. Plaintiff is owed back pay and commission from the date of his termination to present.*

18. In Defendant's Motion for Summary Judgment, it was clearly established that Plaintiff was terminated on October 26, 2020 for insubordination/misconduct when he admitted that he was directly competing against the company when they found out he had quoted a Kilgore client with a Kilgore quote and a quote by his own company that had approximately a 10% reduction of the Kilgore quote provided.

19. Plaintiff does not dispute this reality in his Response, quite to the contrary Plaintiff admits to the reason for his termination.

20. However, struck with the reality that Plaintiff cannot have a valid racial discrimination claim because he admits to incurring in the acts that led to his termination, Plaintiff now tries to avoid the Federal Rules of Civil Procedure by implicitly attempting to amend the pleadings in this case way past the amendment to pleadings deadline which occurred on September 24, 2021 pursuant to the Docket Control Order issued by this Honorable Court on September 15, 2021.

21. Plaintiff now alleges, for the first time ever in this case, in his response to Defendant's Motion for Summary Judgment that "Plaintiff alleges that the withholding of his bonus check- not his termination-constitutes an adverse employment action. As such, Plaintiff has properly established a *prima facie* case of race discrimination under Title VII and TCHRA."

22. Allowing Plaintiff's deceitful attempt to change the pleadings in this case at the dispositive motion stage, after the discovery stage has concluded, in clear disregard of the Federal Rules of Civil Procedure and clearly eight (8) months after the expiration of the court-imposed deadline to amend the pleadings in this case would simply defeat the most basic standards of fairness and justice and simply cannot be allowed.

  *c.*   *The rest of the arguments presented by Defendants were not even acknowledged by Plaintiff nor opposed, and as such must be admitted.*

    *i. Chapter 61 of the Texas Labor Code does not create a private cause of action.*

23. In Defendant's Motion for Summary Judgment, we explain that Chapter 61 of the Labor Code governs an employer's obligation to pay wages to employees and that it does not provide a private cause of action. Chapter 61 of the Texas Labor Code permits aggrieved employees to file wage claims with the TWC. Tex. Labor Code § 61.051(a). **The statute does**

**not create any private cause of action that would instead allow employees to file suit against their employer**. (Emphasis added). *Id.; Ihegword v. Harris Cty. Hosp. Dist.,* 929 F. Supp. 2d 635, 669 (S.D. Tex. 2013), *aff'd* 555 Fed. Appx. 372 (5th Cir. 2014) ("There is nothing within Chapter 61 that suggests an intent to also allow a plaintiff to invoke its provisions through a private right of action, especially given the existence of the available administrative remedy"); *Abatement Inc. v. Williams,* 324 S.W.3d 858, 864 (Tex. App. - Houston [14th Dist.] 2010, pet. denied) (**"Chapter 61 provides a detailed administrative enforcement scheme and allows the possibility for enforcement by the attorney general, and nothing in the language of Chapter 61 shows any intent to also allow a private right of action"**).

24. Nowhere in the four corners of the Complaint was it alleged that Plaintiff exhausted administrative remedies with the TWC. Therefore, since no private cause of action exists under Chapter 61 of the Texas Labor Code for the unpaid wage claim, and there has been no appropriate exhaustion of remedies in this case, any forum other than the TWC would lack jurisdiction to tend to such a claim. Plaintiff has not contested this argument and as such the same must be deemed admitted. As such, Claimant's Chapter 61 claim for unpaid wages must be dismissed.

    *ii.*   *Failure to exhaust administrative remedies with the TWC for the Chapter 61 of the Texas Labor Code claims presented deprive any forum of jurisdiction over such claims.*

25. The only statutory provision in Chapter 61 of the Texas Labor Code that grants jurisdiction to any court is Tex. Labor Code § 61.062, which permits claimants to seek judicial review of a final order issued by the TWC, **but only after the employee has exhausted all available administrative remedies**. Tex. Labor Code § 61.062 (explaining that judicial review

may be sought by a "party who has exhausted the party's administrative remedies under this chapter" no later "than the 30th day after the date the final order is mailed").

26. As described earlier, Plaintiff's Complaint does not plead any facts showing that he exhausted his administrative remedies with the TWC or that he was seeking judicial review of any final order from the TWC. Therefore, this forum has no jurisdiction regarding the sole Chapter 61 Texas Labor Code claim presented by claimant. Plaintiff also failed to contest this argument, reason for which it must be deemed admitted. As such, Plaintiff's unpaid wage claim must be summarily dismissed.

### iii. *Plaintiff's claims under the ADA, Title VII and TCHRA also warrant summary dismissal.*

27. During his deposition Plaintiff was specifically asked what the basis were, the reasons, he claims that Defendant was discriminating against him. He claimed categorically that the only discrimination that he allegedly suffered was because of his race.

28. Plaintiff also declared under oath during his deposition that never during his employment with Defendant did he ever request any accommodation. **See Plaintiff's Deposition Transcript, page 163, lns. 2-7, EXHIBIT 2, Def. MSJ.** Plaintiff's admissions under oath during his deposition are clear, his allegations of discrimination are exclusively based on racial discrimination. Therefore, all other claims made by Plaintiff in his Complaint must be summarily dismissed.

### iv. *Plaintiff's request to strike Defendant's Motion for Summary Judgment must be denied.*

29. Plaintiff has requested this Honorable Court to Strike Defendant's Motion for Summary Judgment allegedly for failure to follow Local Rule 6B. However, Local Rule 6B

clearly does not mention and is not intended for Motions for Summary Judgment. Rule 6B of Honorable Judge George C. Hank, Jr.'s Court Procedures establishes:

> *B. Pre-Motion Conferences Required for Particular Motions In all cases except habeas corpus/prisoner petitions and Social Security and Bankruptcy appeals, a pre-motion conference must be requested before filing:*
> *i. Any motion pursuant to Fed. R. Civ. P. 12;*
> *ii. Any motion for a change of venue;*
> *iii. Any motion to remand; or*
> *iv. Any motion to amend a pleading pursuant to FED. R. CIV. P. 15 where leave of court is required.*
> *… Note that these provisions do not apply to motions other than those specifically enumerated.*

30. Nowhere in Rule 6B are Motions for Summary Judgment under Rule 56 mentioned as one that would require a pre-motion conference. Plaintiff's reading of Rule 6B is clearly misleading and simply and attempt to file and untimely response to Defendant's Motion for Summary Judgment without any valid reason or excuse for its untimeliness. Given all of the above it is clearly that this argument is baseless, meritless and should be denied.

WHEREFORE PREMISES CONSIDERED, Defendant Kilgore Industries requests and prays that Defendant's Motion for Summary Judgment be granted, and that the appearing Defendant be granted costs and attorney fees incurred with respect to this motion and the challenged cause of action and that it be granted further and additional relief to which it may show itself justly entitled.

Respectfully Submitted,

_____
**SONIA B. ALFARO**
State Bar No. 24086849
**MEADERS & ALFARO**
Two Riverway, Suite 845
Houston, Texas  77056
Tel:    713-403-3125
Fax:    855-602-8224
*Eservice: efiling@meaderslaw.com*
Email: salfaro@meaderslaw.com

**ATTORNEYS FOR DEFENDANT**
**KILGORE INDUSTRIES**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served upon Plaintiff counsel on the 8th day of June, 2022 *via* electronic service in accordance with the TEXAS RULES OF CIVIL PROCEDURE:

Alfonso Kennard, Jr.
Eddie Hodges, Jr.
KENNARD LAW P.C.
5120 Woodway Drive, Suite 10010
Houston, Texas, 77056
Email: Alfonso.kennard@kennardlaw.com
Email: eddie.hodges@kennardlaw.com
*Attorneys for Plaintiff*

_____
**SONIA B. ALFARO**