United States District Court
Southern District of Texas
**ENTERED**
January 25, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUDY CARMONA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-1473 |
| | § | |
| KILGORE INDUSTRIES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Kilgore Industries' Motion for Summary Judgment. (Dkt. 20). Having reviewed the motion, response, pleadings, the entire record, and the applicable law, the motion is **GRANTED** as to Carmona's claims under Title VII, the TCHRA, and the ADA, as well as Carmona's state-law negligence claim. The Court declines to exercise supplemental jurisdiction over Carmona's unpaid wages claim; that claim is **DISMISSED WITHOUT PREJUDICE**.

### BACKGROUND

Plaintiff Rudy Carmona began working as a salesman for Kilgore in 2013, receiving a salary and a commission on sales. He was fired in 2020 after providing a quote from his own side business to a Kilgore client.

Carmona filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), claiming that Kilgore discriminated and retaliated

1

against him on account of his race, national origin, and gender. He also claimed that Kilgore subjected him to a hostile work environment. The EEOC issued a right to sue letter shortly thereafter.

Carmona filed suit in this Court within 90 days of receiving his right to sue letter, claiming that:

- Kilgore engaged in unlawful racial discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII");
- Kilgore engaged in unlawful racial discrimination in violation of Texas Commission on Human Rights Act ("TCHRA");
- Kilgore created a hostile work environment in violation of Title VII;
- Kilgore engaged in unlawful disability discrimination in violation of the Americans with Disabilities Act ("ADA");
- Kilgore's failure to pay certain bonuses violated the Texas Payday Act;
- Kilgore was negligent for causing or allowing the aforementioned discrimination.

Kilgore filed a motion for summary judgment. The Court considers Kilgore's arguments, and Carmona's response to those arguments, below.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material if it might

affect the outcome of the suit, and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Miranda v. Navistar, Inc.*, 23 F.4th 500, 503 (5th Cir. 2022). To survive summary judgment, the nonmovant must "present competent summary judgment evidence to support the essential elements of its claim." *Cephus v. Tex. Health & Hum. Servs. Comm'n*, 146 F. Supp. 3d 818, 826 (S.D. Tex. 2015).

The nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quotation omitted). Rather, the "nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim." *Brooks v. Houston Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 584 (S.D. Tex. 2015). In ruling on a motion for summary judgment, the Court must construe "the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020).

## ANALYSIS

I. **Kilgore is entitled to summary judgment on Carmona's claims under Title VII, the TCHRA, and the ADA, as well as Carmona's state-law negligence claim.**

   A. **Carmona's unlawful termination claim under Title VII and the TCHRA**

Title VII prohibits "discharg[ing] any individual, or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges

3

of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The TCHRA was enacted with the intent to "correlate[e] state law with federal law in the area of discrimination in employment." *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex.1991) (overruled on other grounds). Thus, "the law governing claims under the TCHRA and Title VII is identical." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398. 403 n. 2 (5th Cir.1999).

A plaintiff can prove intentional discrimination under Title VII and the TCHRA through either direct or circumstantial evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). Direct evidence is evidence which, if believed, proves the fact without inference or presumption. *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citing *Brown v. E. Miss. Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993)). When race discrimination claims are based on circumstantial evidence, courts apply the *McDonnell Douglas* burden-shifting framework. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Here, the burden-shifting framework is applicable because Carmona presents circumstantial evidence in support of his discrimination claim.

***Prima Facie Case***

Under the modified *McDonnell Douglas* approach, the plaintiff has the initial burden of making a *prima facie* showing of discrimination. *Abarca v. Metro. Transit*

4

*Auth.*, 404 F.3d 938, 941 (5th Cir.2005); Rachid, 376 F.3d at 312. A plaintiff satisfies this burden by showing that: (1) he is a member of a protected group; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was treated differently from those outside the protected class. *See Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir.2003).

Carmona claims that Kilgore fired him for engaging in activities that a non-Hispanic employee was allowed to engage in (Dkt. 24-1 at 29-30), which resulted in Carmona not being paid non-discretionary commissions for his last two months of employment (Dkt. 24-1 at 149-151). The Court thus finds that Carmona has established a prima facie case of discrimination under Title VII and the TCHRA.

### *Legitimate Nondiscriminatory Reason*

If the plaintiff is successful in presenting a *prima facie* case of discrimination, the burden of production shifts to the employer to "rebut a presumption of discrimination by articulating a legitimate, nondiscriminatory reason for the adverse employment action." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (citing *Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001)). "The defendant may meet this burden by presenting evidence that 'if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action.'" *Nichols v. Loral Vought Systems Corp.*, 81 F.3d 38, 41 (5th Cir. 1996) (quoting *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 992 (5th Cir. 1996)). "If defendant meets that burden, 'the presumption of discrimination created by

5

the plaintiff's *prima facie* case disappears and the plaintiff must meet [their] ultimate burden of persuasion on the issue of intentional discrimination.'" *Lay v. Singing River Health Sys.*, 694 F. App'x 248, 253 (5th Cir. 2017) (quoting *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005)).

The defendant's burden is one of production, not proof, and involves no credibility assessments. *See, e.g., West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 385 (5th Cir. 2003). This "burden requires the production of admissible evidence in support of its nondiscriminatory reasons." *Hervey v. Miss. Dep't of Educ.*, 404 Fed. App'x. 865, 868 (5th Cir. 2010) (per curiam). "If the employer produces any evidence, which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action, then the employer has satisfied its burden of production." *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995) (quotation omitted).

In its motion for summary judgment, Kilgore offers a legitimate nondiscriminatory reason for firing Carmona—namely, Carmona having violated Kilgore's conflict of interest policy by creating a competing business and offering a quote from said business to a Kilgore client. (Dkt. 20 at 14-16). Carmona acknowledges having engaged in these actions. (Dkt. 24-1 at 40-41).

The Court finds that Kilgore has produced a legitimate nondiscriminatory reason for firing Carmona; thus, the burden-shifting analysis moves to whether Kilgore's proffered reason is a pretext for discrimination.

*Pretext*

Kilgore having produced a legitimate nondiscriminatory reason for Carmona's termination, Carmona must—in order to create a fact question on the matter—present substantial evidence that Kilgore's reason for termination is pretextual. *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 480 (5th Cir. 2016) (quotation omitted). Pretext is established either through evidence of disparate treatment or by showing that the employer's proffered explanation is either false or "unworthy of credence"—*i.e.*, when it "is not the real reason for the adverse employment action." *Watkins v. Tregre*, 997 F.3d 275, 284 (5th Cir. 2021) (quotation omitted).

The Court finds that Carmona has failed to put forth sufficient evidence to create a fact question regarding whether Kilgore's proffered nondiscriminatory reason for firing Carmona was pretextual. While Carmona provided deposition testimony that a fellow Kilgore employee, Thanm Han, was allowed to operate a business in violation of Kilgore's conflict of interest policy, the only proof offered by Carmona that Thanm operated such a business in violation of Kilgore's policies was Carmona's deposition testimony that (1) Thanm told him such a business existed and (2) that Carmona saw "pictures and quotes" from Thanm's company. (Dkt. 24-1 at 29 and 30). As inadmissible hearsay, Carmona's statements are not competent summary judgment evidence. *See Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir.1995) ("Evidence on summary judgment may be considered to the extent not based on hearsay or other information

excludable at trial."). Accordingly, Kilgore is entitled to summary judgment on Carmona's unlawful termination claims under Title VII and the TCHRA.[1]

### B. Carmona's hostile work environment claim under Title VII

In addition to his claim of being unlawfully terminated on account of his race, Carmona makes a series of allegations of harassment and maltreatment on account of his race during his time at Kilgore—all of which, Carmona claims, created a hostile work environment in violation of Title VII. (Dkt. 1 at 6-7; Dkt. 24 at 75-76, 79, 81-82).

A plaintiff may establish a Title VII violation based on discrimination that creates a hostile work environment by proving: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on that protected class; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir.2002). For harassment to affect a term, condition, or privilege of employment, it must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id*. (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986)).

---

[1] Carmona claims that Kilgore additionally and independently discriminated against him by failing to pay non-discretionary bonuses earned during his last two months of employment, when "similarly situated non-Hispanic employees received compensation for the same time period." (Dkt. 24 at 10). The summary judgment evidence provides no support for this allegation.

8

In determining whether a workplace constitutes a hostile work environment, courts must consider the following circumstances: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id*. (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993)).

The Court finds that Carmona has not shown alleged harassment against him based on his race that was severe or pervasive. At most, Carmona's litany of hostile work environment claims constitutes mere "petty slights, minor annoyances, and simple lack of good manners." See *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 485 (5th Cir. 2008) (quoting *Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53, 60, 67 (2006)). Accordingly, Kilgore is entitled to summary judgment on Carmona's hostile work environment claim.

### C. Carmona's disability discrimination claim under the ADA

Carmona pled a claim of disability discrimination under the ADA (Dkt. 1 at 7-8), which appears to stem from his claim that he "developed Bell's Palsy due to the stress from experiencing discrimination in the workplace." (Dkt. 1 at 4). But Carmona never claims to have experienced discrimination because of his disability, and he acknowledged (1) having never requested disability accommodations from Kilgore (Dkt. 24-1 at 164) and (2) that, in his opinion, Kilgore only discriminated against him

9

because of his race (Dkt. 24-1 at 75-76). Accordingly, Kilgore is entitled to summary judgment on Carmona's disability discrimination claim.[2]

## II. The Court declines to exercise supplemental jurisdiction on Carmona's remaining state-law claim.

Federal district courts have the discretion to decline to exercise supplemental jurisdiction over state-law claims; that discretion is guided by the statutory factors set forth in 28 U.S.C. § 1367(c) and the common-law factors of judicial economy, convenience, fairness, and comity. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

The factors listed in 28 U.S.C. § 1367(c) are:

(1) the claim raises a novel or complex issue of State law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction; or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"These interests are to be considered on a case-by-case basis, and no single factor is dispositive." *Mendoza*, 532 F.3d at 346. The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are

---

[2] Carmona also pled a state-law negligence claim for "causing or allowing the discrimination to take place as set forth above." (Dkt. 1 at 8). Having granted summary judgment on all of Carmona's discrimination-based causes of action, it follows that Kilgore is entitled to summary judgment on Carmona's negligence claim.

eliminated before trial. *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

Having dismissed all claims over which it has original jurisdiction, the Court will follow the general rule and decline to exercise supplemental jurisdiction over Carmona's claim for unpaid wages under the Texas Payday Act. Thus, Carmona's unpaid wages claim is dismissed without prejudice.

## CONCLUSION

For the reasons explained above, Kilgore's Motion for Summary Judgment (Dkt. 20) is **GRANTED** as to Carmona's claims under Title VII, the TCHRA, and the ADA, as well as Carmona's state-law negligence claim**.** The Court declines to exercise supplemental jurisdiction over Carmona's unpaid wages claim; that claim is **DISMISSED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas on      January 25, 2023      .

*/s/ George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE